UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MANABU YOSHIIKE and TAKAKO YOSHIIKE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 4:09-cv-114 TWP-WGH ) |
| KIRK B. MCCONER and MITSUI SUMITOMO MARINE MANAGEMENT (U.S.A.), INC., | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT MITSUI'S OBJECTIONS TO
PLAINTIFFS' FINAL EXHIBIT LIST**

Comes now Defendant, Mitsui Sumitomo Marine Management (U.S.A.) Inc., ("Mitsui"), by counsel, and makes the following objections to Plaintiffs' Final Exhibit List.

**I.**

**Plaintiffs' Final Exhibit List Fails to Comply
With the Case Management Plan**

The Case Management Plan entered in this action, which follows the standard form required by this Court, required the parties to file, two weeks before the Final Pre-Trial conference, a list of exhibits to be used at trial described, numbered and marked. Mitsui provided such a list on the due date, September 21, specifically identifying each separate document it expects to use at trial.  Plaintiffs' list, however, did not comply with the Case Management Plan and lacked specificity.  Plaintiffs' list essentially repeats the omnibus listing of all possible exhibits contained in Plaintiffs' preliminary list filed on February 10, 2010, and includes broad categories of exhibits and wholesale sets of medical records.  The over-inclusive nature of Plaintiffs' exhibit

list makes it impossible for Mitsui to determine what exhibits it can actually expect to see offered at trial and to determine if some of those exhibits are objectionable.

Even if Plaintiffs do intend to use every single piece of paper they have listed on the final list filed on September 21, they have not properly described and marked the exhibits. This example from Plaintiffs' list is typical:

1-1   Records from Accelerated Rehabilitation Center.

The records of Accelerated Physical Therapy consist of 30 pages, mostly separate documents created on separate days. It is impossible to tell from this listing what parts of the Accelerated Rehabilitation Center records Plaintiffs intend to offer. Surely, Plaintiffs do not intend to offer these records wholesale without some testimony to establish their relevancy. In order for the records to be of any use to the witnesses, and so the jury can follow the testimony related to the exhibits, Plaintiffs' exhibits should be separately marked and numbered. Without such clear marking of exhibits, there will not be a clear record of the trial proceedings. For example, if Plaintiffs want to introduce into evidence an office note of August 11, 2008, that note should be separately marked so that the witness, jury and opposing counsel do not have to wade through multiple pages to find that office note, and so that the record is clear as to what document is being discussed.

After receiving the deficient Exhibit List, counsel for Defendant wrote counsel for Plaintiffs pointing out the deficiencies and requesting a supplemented list in compliance with the Case Management Plan (Exhibit "A" hereto). As of the date of filing this Objection, no supplemented list has been received.

## II.

### **Plaintiffs' Exhibit 13 is Inadmissible Hearsay**

Plaintiffs' Exhibit 13 is identified as "June 14, 2010 Letter from Toshitsugu Kikuchi, chairman, Austin Tri-Hawk Automotive, Inc." Mr. Kikuchi (the "Chairman") lives in Japan and it is Mitsui's understanding that he does not speak English. This letter was first provided to counsel for Defendant on September 23, 2010 at the deposition of Austin Tri-Hawk's Vice President of Administration who handles human resources, Mike Murry. When Plaintiffs' counsel began to question Mr. Murry about the letter, counsel for Defendant requested a copy. Even though Defendant's discovery requested production of all documents related to Plaintiffs' claim of lost income, this letter had not previously been produced by Plaintiffs. (Mitsui's Request for Production No. 14; Plaintiffs' Response thereto and Plaintiffs' Supplemental Response thereto of July 9, 2010.)

The letter is classic hearsay. It is an out of court statement that Plaintiff will offer to try to prove that his employment was terminated because his injuries left him unable to adequately perform his job. The Chairman is not listed as a witness in this case by either party and will not be testifying. Defendant has no ability to cross examine the Chairman about the statements in the letter.

The letter does not fall within any exceptions to the hearsay rule. It is not a present sense impression, not an excited utterance, not a statement of a then existing mental, emotional or physical condition, not a statement for purposes of medical diagnosis, not a recorded recollection to refresh a witness' memory, and so on. F.R.E. 803 (1) through (23). Nonetheless, Defendant expects that Plaintiffs will argue the letter falls within (6) Records of Regularly Conducted Activity. The rule provides:

> (6) Records of Regularly Conducted Activity.
> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The letter does not fall within this exception, as an examination of the letter easily shows.

This letter was not contained in the personnel file of Mr. Yoshiike. The first time that the Director of Human Resources at ATA saw the letter was on or about September 22, 2010, which is several months after Mr. Yoshiike retired on April 30, 2010. (Deposition of Mike Murry, taken September 23, transcript not yet available). The letter was dated June 16, 2010, which is approximately two months after Plaintiff retired. Thus, the letter does not satisfy the requirement that it be a record made at or near the time of the event. And the fact that the human resources Vice President had not seen it before and it was not in Mr. Yoshiike's personnel file shows the letter does not satisfy the requirement that its creation was part of the regular business practices of ATA.

The first time that Defendant heard of the existence of the letter was at the June 11, 2010 settlement conference. In that conference Plaintiffs' counsel stated "we have received a letter from the chairman" concerning Plaintiff's retirement and stated he could not yet disclose the letter. He did not provide a copy of the letter and said it was written in Japanese. This statement showing it was provided to Plaintiffs' counsel, its absence from the personnel file and the date of the letter several months

4

after Plaintiff's retirement makes it obvious that the letter was prepared for the litigation.  Likewise, the letter is addressed to Mr. Yoshiike at ATA even though he no longer worked at ATA when the letter was purportedly written.  Again this suggests the letter was prepared in connection with this litigation, and not part of ATA's regular business practices. A document prepared, and then apparently translated in connection with litigation lacks the trustworthiness to be admitted into evidence. Palmer v. Hoffman, 318 U.S. 109, 114, 63 S. Ct. 477 (1943) (Engineer's statement about train accident was inadmissible hearsay; its primary utility was for litigation and thus was not part of regular business activities); AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc., 896 F.2d 1035, 1045 (7th Cir. 1989) (Documents prepared for litigation are "dripping with motivations to misrepresent" and are inadmissible.)

RILEY BENNETT & EGLOFF, LLP


/s/ Mary K. Reeder
Mary K. Reeder
No. 6462-49
Attorneys for Defendant,
Mitsui Sumitomo Marine
 Management (U.S.A.), Inc.

RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 E. Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 FAX

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing *Defendant Mitsui's Objections to Plaintiffs' Final Witness List* was on this 28th day of September, 2010, filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system or U.S. Mail upon the following:

Roger L. Pardieck
THE PARDIECK LAW FIRM
100 N. Chestnut Street
P.O. Box 608
Seymour, Indiana 47274
*Attorney for Plaintiffs,*
*Manabu Yoshiike and*
*Takako Yoshiike*

                                                   */s/ Mary K. Reeder*
                                                   Mary K. Reeder

MKR/9145.028/mcl/00275207