UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MANABU YOSHIIKE and
TAKAKO YOSHIIKE,
    Plaintiffs,

vs.                                      CAUSE NO. 4:09-cv-114-TWP-WGH

KIRK B. MCCONER and MITSUI SUMITOMO
    MARINE MANAGEMENT (U.S.A.), INC.,
    Defendants.

ORDER ON PLAINTIFFS' FIRST SET OF MOTIONS IN LIMINE

Plaintiffs, Manabu Yoshiike and Takako Yoshiike, by counsel, filed their Motions in Limine numbered I through VIII (Dkt. No. 55).

And the Court, having read said Motion, and being fully advised in the premises, now Orders as follows with respect to the Plaintiffs' first Motion in Limine:

I.     The Motion with respect to any reference to society in general being overly litigious is granted.

II.     The Motion regarding any evidence as to any unrelated physical condition of Plaintiff Manabu Yoshiike, other than that directly pertaining to the injuries of which he is complaining, is granted in part and denied in part. Medical evidence of any conditions unrelated to the 2008 injury is irrelevant and therefore inadmissible. Evidence of any pre-existing medical condition or injuries that may be the cause of

Plaintiff's current symptoms or problems alleged in the suit are relevant and probative if supported by competent testimony from an expert witness. Medical testimony regarding the 1994 injury and the 1994 injuries effect on the 2008 injury would be relevant and admissible.

III. The Motion regarding testimony or evidence from any witnesses or argument that the jury's verdict could result in an increase in any type of insurance premiums, contribute to any type of insurance crisis or increase the costs of lodging is granted.

IV. The Motion regarding testimony or evidence from any witness or argument by defense counsel directly stating or indirectly inferring that personal injury lawsuits are akin to playing the lottery is granted.

V. The Motion regarding testimony or evidence that "money" will not undo damage suffered by plaintiff's or claims that money is inadequate to compensate plaintiff's for their losses is granted.

VI. The Motion regarding evidence of taxation of recovery is denied. An instruction dealing with the nontaxability of damages awarded in a personal injury suit is allowed. I.C. 34-51-5-1, provides "In a tort action for personal injuries tried to a jury, the court shall, if requested, instruct the jury that the jury may not consider the tax consequences, if any, of its verdict." The Court may further instruct the jury that "In arriving at your verdict, you must not consider the tax consequences, if any, of the money you may award."

VII. The Motion regarding "personal beliefs" of all counsel is granted in part and denied in part. Counsel may challenge credibility of witnesses however they may not express or comment on their personal beliefs.

VIII. The Motion regarding the filing of Motions in Limine is granted.

IT IS THEREFORE ORDERED, by the Court, that the Defendant, his counsel, and any witnesses shall not mention, refer to, interrogate concerning, or attempt to convey to the jury panel or the jury in any manner whatsoever, either directly or indirectly, any information regarding those matters as limited by the Court in this Order.

Dated: 10/07/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies To:

Roger L. Pardieck, Esq.
The Pardieck Law Firm
100 N. Chestnut St.
P.O. Box 608
Seymour, IN 47274
rlp@pardiecklaw.com

Mary Reeder, Esq.
Riley Bennett & Egloff, LLP
141 W. Washington St.
Fourth Floor
Indianapolis, IN 46204
mreeder@rbelaw.com