# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| MANABU YOSHIIKE and <br> TAKAKO YOSHIIKE <br><br> Plaintiffs, <br><br> vs. <br><br> KIRK B. MCCONER and <br> MITSUI SUMITOMO MARINE <br> MANAGEMENT (U.S.A.), INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 4:09-cv-114-TWP-WGH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ENTRY ON PLAINTIFFS' MOTION FOR ATTORNEYS FEES
### RELATED TO COMPARATIVE FAULT DEFENSE

This matter is before the Court on Plaintiffs', Manabu and Takako Yoshiike, request that the Court order Defendant Mitsui Sumitomo Marine Management (U.S.A.), Inc. to pay attorney fees related to Mitsui's comparative fault defense. This matter is brought pursuant to Federal Rule of Civil Procedure 54(d)(2) and Indiana Code sec. 34-52-1-1. Plaintiff alleges that defendant continued to litigate a comparative fault defense even after it "became frivolous, unreasonable, or groundless." For the following reasons the Court **DENIES** Plaintiffs' Motion for Attorney's Fees.

### I.      BACKGROUND FACTS

Defendant Mitsui Sumitomo Marine Management (U.S.A.), Inc. ("Mitsui" or "Defendant") maintained an affirmative defense that Mr. Manabu Yoshiike ("Plaintiff" or "Mr. Yoshiike") was contributorily negligent and that his alleged negligence was a cause of the

accident that was at issue in the lawsuit. The time line relating to the comparative fault evidence is as follows:

(1) This civil action was filed on September 2, 2009.

(2) On March 1, 2010, Plaintiffs sent photographs of the accident to Defendant;

(3) On March 17, 2010 Defendant answered Plaintiffs' interrogatory No. 13 regarding Plaintiff's contribution to the accident, saying it was premature to answer that question;

(4) On April 8, 2010, Mr. Yoshiike's deposition was taken;

(5) On August 3, 2010, Defendant supplemented its answer to Plaintiffs' interrogatory No. 13, by stating that Plaintiff failed to timely react when he first observed McConer's vehicle leave the roadway; and that earlier evasive action may have avoided or lessened the impact between the two vehicles.

Throughout trial, Mitsui contended that a reasonable jury may find that Mr. Yoshiike did not react quickly enough to avoid the collision after seeing Kirk B. McConer's ("McConer ") vehicle slip into the median and thus *contributed* to the injuries sustained. The comparative fault defense was disposed of by the Court through a direct verdict following the close of all evidence, and ultimately, the jury rendered a verdict in favor of the Plaintiffs on October 21, 2010. Judgment was entered on October 21, 2010, in the amount of $400,000. Additional facts will be added as needed.

## II. <u>DISCUSSION</u>

Attorney fees may be awarded based upon Indiana Code section 34-52-1-1, which provides in relevant part:

a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

> b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> >
> > (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(a), (b) (1998). Plaintiffs bring their motion under Ind. Code § 34-52-1-1(b) (2), by claiming that Mitsui continued to litigate the comparative fault defense even after it "became frivolous, unreasonable, or groundless."

A claim or defense is frivolous if: (a) it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *N. Elec. Co., Inc. v. Torma*, 819 N.E.2d 417, 430-31 (Ind. Ct. App. 2005). A defense may be found to be *unreasonable* where, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the defense justified or worthy of litigation. *Stoller v. Totton*, 833 N.E.2d 54, 55 (Ind. Ct. App. 2005), quoting *Grubnich v. Renner*, 746 N.E.2d 111, 119 (Ind. Ct. App. 2001), *trans. denied.* Lastly, "A claim is 'groundless' if no facts exist which support the legal claim relied upon and presented by the losing party." *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 424 (Ind. Ct. App. 2006); quoting *Parks v. Madison County,* 783 N.E.2d 711, 723 (Ind. Ct. App.2002).

Plaintiffs claim that the contributory negligence defense was clearly frivolous and assert that even with 'no evidence to support its claim'; Defendant maintained that Mr. Yoshiike did

not react quickly enough to avoid the collision after seeing the McConer vehicle slip into the median. Plaintiffs contend that the evidence available to Defendant demonstrated that when Mr. Yoshiike saw McConer's vehicle coming toward him, he applied his brakes and swerved to the right in an attempt to avoid the collision. Plaintiff further points to the fact that Kirk McConer admitted that he believed himself to be solely responsible for the accident. Plaintiff argues that under the law and the facts of this case, Defendant Mitsui Sumitomo acted unreasonably in refusing to drop its comparative fault defense, and attorney fees are warranted for work that had to be done to meet that defense.

Defendant asserts that the deposition of Plaintiff, when combined with the gestures he was making as he testified, established that when he first saw McConer's vehicle leave the traveling lane and come into the median he thought it was stopping. Defendant asserts that the sequence of events gleaned from the deposition of Mr. Yoshiike show that Plaintiff: (1) looked ahead and continued driving, (2) then looked back and saw that McConer was still coming; (3) looked forward again; (4) looked back at McConer's car which was now even closer and (5) *then* started braking.

At issue is whether the facts, as discovered or as ultimately presented to Defendant, supported a claim for contributory negligence. Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered, which falls below the standard to which he should conform for his own protection and safety. *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 523 (Ind. Ct. App. 2005). A plaintiff must exercise that degree of care which an ordinary reasonable person would exercise in like or similar circumstances. *Id*. The affirmative defense of contributory negligence requires that the defendant prove by the preponderance of the evidence that the Plaintiff failed to "exercise for his own

safety that degree of care and caution which an ordinary reasonable and prudent person in a similar situation would exercise" and that this contributory negligence was a proximate cause of his injury. *Brock v. Walton*, 456 N.E.2d 1087, 1091 (Ind. Ct. App. 1983) (citations omitted).

Again, "A defense is groundless if no facts exist which support the defense relied upon and supported by the losing party." *Stoller v. Totton*, 833 N.E.2d 54, 55 (Ind. Ct. App. 2005). In *Stoller*, the court stated that: "Stoller admitted facts *contrary* to his comparative fault defense theory, but repeatedly *refused to settle the issue of liability* while continuing to advance a theory that he had no evidence to support." *Stoller v. Totton*, 833 N.E. 2d 53, 56 (Ind. Ct. App. 2005) (emphasis added). Here, Defendant raised the contributory negligence defense *in response* to testimony made regarding the sequence of events preceding the accident by the Plaintiff himself.. An excerpted portion is included below:

> **Q: Okay. So it went off of its tires onto its top?**
> A: That's I thought. But exactly is -- I -- you know, I -- you know, I cannot say no more like -- but my -- my memory is car is, you know, rolling onto my car (indicating), yes.
>
> **Q: Okay. So I just want to make sure I understand. Your memory is that it rolled off of its tires onto the top and then back onto the tires? It made a complete roll?**
> A: Complete roll, oh, it's very hard to say. Maybe writing is better. Maybe that's -- that's grass (indicating). This is south. This is, you know, north. This car is driving this way. I'm driving this way, to south. So I saw it. You know, this car is going to -- into grasses, and then coming to (indicating), hit here. So -- but I think the car is rolling, then jump to my car. That's I remember. But the how detail is -- is very hard to explain.
>
> **Q: Okay. When -- you said you thought, when you saw it in the median, that it had stopped?**
> A: I -- yeah. That's my, you know, immediate. I thought just slip off. And it usually, you know, falling down and stop in the median. So I never expect it coming into my lane.
>
> **Q: So you thought, when it pulled off, it would just stay in the median?**
> A: I thought so.

**Q: And so when you saw it do that, then you didn't start braking?**
A: No. Continuous going. I thought they're slipping down into intermediate -- that median, but it doesn't. It coming, still rolling to hit my car. Rolling, you know, coming this way (indicating).

As the deposition indicates, Mr. Yoshiike's recitation of what occurred does provide Defendant with some evidence to support their affirmative defense. The Court therefore finds that Mitsui asserted the comparative fault defense in good faith.

As demonstrated by the deposition testimony, language and communication barriers may have been present when Mr. Yoshiike described the events that gave rise to Defendant's comparative fault allegation. In fact, Mr. Yoshiike clarified during his trial testimony that there were language communication problems when he gave his deposition testimony which was the basis for the comparative fault defense. There is no evidence before the Court that Defendant repeatedly refused to settle the issue of liability after they became aware during Mr. Yoshiike's trial testimony that he may have misspoke during the deposition.

Ultimately, the Indiana Court of Appeals has stated that, "It is only in the *clearest of cases* where an affirmative defense is frivolous, unreasonable, or groundless, yet is maintained until liability is admitted during the trial that costs and attorney's fees will be appropriate sanctions." *Stoller v. Totton*, 833 N.E.2d 53, 56 (Ind. Ct. App. 2005) (emphasis added). Under the circumstances and facts of this case, the Court is not persuaded that Defendant continued to litigate a comparative fault defense which was clearly frivolous, unreasonable, or groundless.

Therefore Plaintiff's Motion for Attorney's Fees Related to Comparative Fault Defense (Dkt. 124) is therefore **DENIED**.

Date: 04/14/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

6

Distribution to:

Susan E. Boatright
THE PARDIECK LAW FIRM
seboatright@gmail.com,seb@pardiecklaw.com

Jessica Ann Moland
RILEY BENNETT & EGLOFF LLP
jmoland@rbelaw.com

Roger L. Pardieck
THE PARDIECK LAW FIRM
rlp@pardiecklaw.com,miller.sl@comcast.net,kbrooks@pardiecklaw.com,kmd@pardiecklaw.com,pmw@pardiecklaw.com

Mary Kaye Reeder
RILEY BENNETT & EGLOFF LLP
mreeder@rbelaw.com